### 10840

### RICHARDSON v. BLALOCK, MAYOR

(110 S. E. 678)

1. INJUNCTION—QUESTIONS OF LAW MAY BE FINALLY DETERMINED ON MOTION FOR PRELIMINARY INJUNCTION.—The rule that a final decision should not be rendered on a motion for temporary injunction, which is based on the reason that the merits should not be decided on affidavits, does not apply where there was no issue as to the facts, but the case was to be determined upon the Constitution, statutes, and ordinances of a city, which could be determined just as well on the motion for temporary injunction as on the motion for permanent injunction.

2. INJUNCTION—PROVISION FOR ELECTION OF SUCCESSOR TO CHIEF OF POLICE NOT ENJOINED WHERE COUNCIL CLAIMED TERM EXPIRED.— Plaintiff is not entitled to an injunction restraining the city coun-

cil from interfering with the discharge of his duties as chief of
police on the ground that the Council had no authority to remove
him where the Council did not claim to be exercising an author-
ity to remove, but contended that plaintiff's term of office had
expired, and that they merely elected a successor.

   3.  MUNICIPAL CORPORATIONS—POLICE CHIEF CANNOT CLAIM NEW CHAR-
TER REMOVED LIMIT OF TERM.—In view of Const., Art. 1, § 11,
providing that the terms of all officers shall be for some definite
period, the chief of police of a city which had adopted the com-
mission form of government by a charter not limiting the term of
such officer cannot enjoin the installation of a successor on the
ground that the new charter repealed the former provision limiting
the term of office to two years, since either that maximum was
continued in force, or the office was destroyed, and in either event
plaintiff is not concerned with what became of the office.

Before WHALEY, J., County Court, Richland, August,
1921.   Affirmed.

Action by J. W. Richardson against R. J. Blalock as
Mayor and the Councilmen of Columbia.   From   order
denying injunction the plaintiff appeals.

*Mr. James S. Verner,* for appellant, cites: *Error   to
dismiss injunction proceeding on affidavits*: 54 S. C., 457;
92 S. C., 348; 95 S. C., 251; 93 S. C., 253; 94 S. C., 207;
90 S. C., 400.   *Procedure when title to office is involved*:
78 S. C., 171; 66 S. C., 1; 58 S. C., 95; 101 S. C., 315; 7 S.
C., 21; Code Proc. 1912, Sec. 466; 95 S. C., 58; 80 S. C.,
69; 8 S. C., 406; 92 S. C., 409.   *Police Department of
Columbia subject to* 1 *Civ. Code* 1912, *Secs.* 3081, 3087.
*And City Council had only powers granted it by Legisla-
ture*: 73 S. C., 83; 1 Dillon Mun. Corp., Sec. 89; 6 Rich.,
404; 12 S. C., 76; 23 S. C., 517; 34 S. C., 242; 35 S. C., 1;
42 S. C., 293; 92 S. C., 393.   *Power must be exercised in
conformity with grant*: 34 S. C., 242; 42 S. C., 293; 103
S. C., 87; 84 S. C., 487; 1 S. C., 461; 107 S. C., 191.   *Court
cannot write anything into a Statute*: 36 Cyc., 1106, 1113;
1 Strob. Eq., 174.   *Ordinance invalid*: 1 Civ. Code 1912,
Sec. 3079; 28 Cyc., 332; 334; 114 S. C., 428; 39 Cyc., 307.

*Messrs. C. S. Monteith, Nettles & Tobias* and *Nelson, Gettys & Mullins,* for respondents. *Nettles & Tobias,* cite: *Quo warranto wuld have been proper*: 94 S. C., 207; 90 S. C., 400; 78 S. C., 171. *Term of Chief of Police*: Rev. Ord. Cola. 1907, Sec. 28; Id., 1920, Sec. 63. *Passage of ordinance not necessary to appoint Chief of Police*: 84 S. C., 487; 64 A. S. R., 584.

February 27, 1922.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action for injunction. The plaintiff alleges that he is chief of police for the city of Columbia, and that the city council has held an illegal election in which the defendant F. S. Strickland was declared elected, and that the city council and the said Strickland are trying to remove him from his office as chief of police, and interfering with him in the discharge of the duties of his office, and asks that they be enjoined. A rule to show cause was issued by Hon. M. S. Whaley, County Judge for Richland County. The city council and Strickland made returns to the rule. They consented to have their returns treated as answers. Judge Whaley treated the returns as answers, and tried the case on its merits and refused the injunction. From his decree this appeal is taken.

I. The first assignment of error is that the trial Judge erred in making a final decision on a motion for a temporary injunction. The appellant cites numerous cases, but they are not applicable here. When the reason of the rule is not applicable, the rule does not apply. The cases hold that it is error to decide the merits of a case for injunction on affidavits. This case was not tried on affidavits. The facts were not in issue. The case is to be determined upon the Constitution, statutes, and ordinances of the city. The whole issue was one of law,

and could be tried just as well and just as fully on the motion for temporary injunction as on the motion for permanent injunction. There was no error here.

II. The next assignment of error is that the city council has no power under the law to remove a chief of police. There was no effort to remove the plaintiff from his office. A new election was held because it was claimed that the term of office had expired. The question is not, Can the city council remove a chief of police during the term of office? but, Had the term of office of the plaintiff expired? This assignment of error cannot be sustained.

III. The next assignment of error is that the ordinance under which the election was held was void, because it was not signed by the members of the city council.

On September 29, 1914, the plaintiff was elected chief of police for six months, on probation. On April 27, 1915, the probation was removed, and the plaintiff was regularly elected chief of police. Until the election complained of there has been no further election. On March 22, 1921, an ordinance was passed (unsigned) to declare that after the 1st day of July, 1921, the term of office of the police shall be two years, and this election provided for. At the time the city of Columbia adopted the commission form of government (1910) the term of office of the chief of police was two years. It seems that since that time until 1921 no term of office has been fixed for a chief of police. The plaintiff contends that it is necessary to pass a valid ordinance in order to terminate his term of office.

Article 1, § 11, of the Constitution provides that:

"No person shall be elected or appointed to office in this State for life or during good behavior, but the terms of all officers shall be for some definite period, except Notaries Public and officers in the militia."

The city of Columbia did not lose its identity by a change in its form of government. Neither statutes nor ordinances can do what the Constitution forbids. That which cannot be done directly cannot be done indirectly. That which cannot be done intentionally cannot be done inadvertently. Where an office has been created and a term of office established, the term cannot be abolished (advertently or inadvertently) and leave the occupant with an indefinite term. The city of Columbia either did not destroy the term or it destroyed the office. In neither event has the plaintiff the right to call upon the Courts to keep him in a position after his term has expired, or allow him to exercise the duties of an office that does not exist. The old term survives. Mr. Richardson's term of office expired in 1917, and it does not concern him, personally, what becomes of the office. The exceptions that raise this question cannot be sustained. The validity of an unsigned ordinance does not arise.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN concur.

MR. JUSTICE WATTS did not participate on account of illness.